IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

06 APR -3 PM 4: 15

Plaintiff,

vs.                                         Crim. No. 05-2262-WJ   CLERK ALBUQUERQUE

C.L. BROWN,

Defendant,

## MOTION TO SUPPRESS EVIDENCE

COMES NOW Defendant C.L. Brown, by and through his undersigned attorneys, and moves this Court to suppress evidence of numerous bundles of marijuana and any subsequent statements made by him as a result of an unlawful search or seizure. This motion is based on the Fourth Amendment of the United States Constitution and the following:

1. On September 27, 2005, Defendant drove a tractor-trailer into the Gallup Port of Entry, New Mexico.

2. Motor Transport Division ("MTD") officers conducted a search of the defendant's vehicle without probable cause or reasonable suspicion.

3. "Probable cause to search a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence." *United States v Downs*, 151 F.3d 1301, 1303 (10th Cir. 1998).

4. Without any justification, MTD officer Macatee crawled inside of defendant's trailer and removed screws from the trailer.

5. As a result of the removal of the screws, officer Macatee recovered several bundles of suspected marijuana in the vehicle's hidden compartment.

6. Officer Macatee at no time smelled the odor of marijuana or had any reasonable suspicion to search the vehicle. *United States v Ozbirn*, 189 F.3d 1194, 1200 (10th Cir. 1999).

7. This case is also unlike *United States v Vasquez-Castillo*, 258 F.3d 1207 (10th Cir.2001) where the officer observed a number of factors indicative of a hidden compartment including: a crack in the wall of the trailer, through which the officer saw a space between the inner wall and outer hull of the trailer; the front wall of the trailer had footprints on it with the toe facing down; the trailer was exceptionally clean; the trailer had shiny new side rails while the



1

rest of the trailer and truck was fairly old; and an air vent in the trailer appeared to lead to nowhere.

8. In the case at hand, no such factors existed to justify or permit the officer's search.

9. As a result, Defendant's right to be free from unreasonable searches and seizures was violated. U.S. Constitution, Amendment IV. The evidence recovered, and any subsequent statements made by Defendant, must be suppressed. *Wong Sun v United States*, 371 U.S. 471, 83 S.Ct 407, 9 L.Ed 2d 441 (1963).

WHEREFORE, premises considered, Defendant C.L. Brown asks that this Court grant his Motion to suppress the marijuana seized from Defendant's vehicle and any subsequent statements made by Defendant, as a result of an unlawful search and seizure, or, in the alternative, hold a hearing to resolve the issues presented in this motion.

Respectfully submitted,

MARLON BLAKE EVANS (P49541)
535 Griswold St., Suite 1630
Detroit, MI 48226
(313) 962-2335

and

ALLISON & FISHER

Charles Fisher
300 Central Ave., SW, Suite 2200 East
Albuquerque, New Mexico 87102
(505) 247-4099
Fax (505) 242-4055

*Attorneys for Defendant*

2

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing pleading was served by facsimile on Ms. Rhonda P. Backinoff, Assistant United States Attorney, P.O. Box 607, Albuquerque, New Mexico, 87103 on April 3, 2006:

_____
Charles Fisher